IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES  T. MITCHELL,<br><br>        Plaintiff,<br><br>vs.<br><br>SERGEANT DEVIN RUFF, in his<br>individual capacity, et al.,<br><br>        Defendants. | 4:24-CV-3046<br><br>MEMORANDUM AND ORDER |

The plaintiff, James T. Mitchell, brought this lawsuit under 42 U.S.C. § 1983 for alleged violations of his Fourth and Fourteenth Amendment rights. *See* filing 1 at 1. The defendants are law enforcement officers with the Lincoln County Sheriff: Sergeant Devin Ruff and unidentified John and Jane Does.[1] *See* filing 1 at 2. Ruff moved for summary judgment on the basis of qualified immunity. *See* filing 49. This matter is before the Court on the plaintiff's Fed. R. Civ. P. 56(d) motion to resist summary judgment. Filing 54.

## I. BACKGROUND

According to the complaint, the plaintiff was driving towards a camping area at a park in Lincoln County, Nebraska, in February 2020, when he was pulled over by several Lincoln County Sheriff's deputies. The plaintiff alleges the officers were in the area to arrest someone involved in an unrelated investigation. Filing 1 at 3; *see also* filing 50 at 2. At least one of the officers

---

[1] The complaint also names Lincoln County Sheriff's Deputy Roland Kramer as a defendant, but the plaintiff moved to dismiss Kramer "[b]ased upon the evidence submitted" in support of the defendants' pending motion for summary judgment. Filing 61. Kramer did not respond to the motion, and it will be granted.

allegedly recognized the plaintiff as a suspected nonviolent drug offender. Filing 1 at 3. The officers surrounded the plaintiff's vehicle with their firearms drawn.

One officer approached the driver's side of the plaintiff's vehicle, while three others, including Ruff, were on the passenger side. Filing 1 at 3. The plaintiff "reversed the vehicle in an apparent effort to make a three-point turn and exit the park." Filing 1 at 4. As he attempted to drive away, the plaintiff alleges "one or more officers present," including Ruff, "fired multiple rounds from their rifles," and hit the plaintiff in his abdomen, right chest, and right bicep. Filing 1 at 4.

The Court takes judicial notice of the plaintiff's subsequent arrest and criminal cases. *See* Fed. R. Evid. 201(c).[2] He was charged in federal court with, and pled guilty to, possession with intent to distribute methamphetamine. *See United States v. Mitchell*, no. 4:20-CR-3107 (D. Neb.). And he pled no contest in state court to felony charges for operating a motor vehicle to avoid arrest (Neb. Rev. Stat. § 28-905(3)) and assault on an officer using a motor vehicle (Neb. Rev. Stat. § 28-931(1)). *See State v. Mitchell*, no. CR20-139 (Lincoln Cnty., Neb. Dist. Ct.); filing 52-1 at 2.

The parties engaged in written discovery. Filing 28; filing 29. The plaintiff served notices to take depositions of Ruff and other witnesses. *E.g.,* filing 42. But Ruff filed a motion to stay discovery contemporaneously with a motion for summary judgment. *See* filing 48, filing 53. Over the plaintiff's opposition, the Court granted the motion to stay discovery pending the disposition of the motion for summary judgment, and those depositions did not

---

[2] Courts may take judicial notice of judicial opinions and public records, including judgments in other cases. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

occur. Filing 57; *see Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (stressing "the importance of resolving immunity questions at the earliest possible stage in litigation"). The plaintiff now seeks to resist summary judgment pursuant to Rule 56(d).

## II. STANDARD OF REVIEW

As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery. *Toben v. Bridgestone Retail Ops., LLC,* 751 F.3d 888, 894 (8th Cir. 2014). Rule 56(d) permits the Court to defer considering a motion for summary judgment, or deny it, when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment. *Toben,* 751 F.3d at 894. But a party invoking Rule 56(d) must affirmatively demonstrate why they cannot respond to a movant's evidence as otherwise required, and how postponement of a ruling will enable him, by discovery or other means, to rebut the movants' showing of the absence of a genuine issue of fact. *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.,* 793 F.3d 822, 837 (8th Cir. 2015).

Specifically, the party seeking additional discovery must show that: (1) he has set forth in affidavit form the specific facts that he hopes to elicit from further discovery, (2) the facts sought exist, and (3) these sought-after facts are essential to resist the summary judgment motion. *Toben,* 751 F.3d at 895. It is not enough for the nonmovant to set forth some facts they hope to elicit from further discovery. *Anzaldua,* 793 F.3d at 836-37. And the mere assertion that evidence supporting an allegation is in the opposing party's hands is

insufficient to justify a denial of a summary judgment motion on Rule 56(d) grounds. *Id.* In short, Rule 56(d) does not permit a "fishing expedition." *Id.*

The Court has wide discretion in deciding Rule 56(d) motions. *See Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018). But that discretion is restricted when a summary judgment motion is based on qualified immunity. *Anzaldua*, 793 F.3d at 836. This restriction reflects the concern that insubstantial claims against government officials be resolved before discovery and on summary judgment if possible. *See id.*; *Moody*, 903 F.3d at 772.

## III. DISCUSSION

For the purpose of the present motion, the plaintiff asserts he is entitled to relief because Ruff used objectively unreasonable deadly force. *See* filing 1 at 2. The plaintiff claims that by holding him "at gun point and threatening him with the use of deadly force when [he] complied with commands to stop his vehicle," Ruff "used excessive force in violation of [the plaintiff's] clearly established rights." Filing 1 at 5. Ruff claims he is entitled to qualified immunity because he did not violate the plaintiff's constitutional rights or, if he did, those rights were not clearly established at the time of the incident.

Qualified immunity shields law enforcement officers performing discretionary functions from liability for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Parker v. Chard*, 777 F.3d 977, 979 (8th Cir. 2015); *see Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012); *Pearson*, 555 U.S. at 231. Qualified immunity is immunity from suit, not a mere defense to liability. *Pearson*, 555 U.S. at 231. The "driving force" behind qualified immunity is "a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery," *id.* (cleaned up), and to "protect public officials

4

from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 817 (1982)).

Ruff's evidence in support of his motion includes the plaintiff's answers to written discovery, body camera footage from state troopers at the scene of the shooting, and affidavits from Ruff and other sheriff's deputies. *See* filing 51. This evidence, Ruff claims, shows that he did not violate any of the plaintiff's clearly established constitutional rights. *See* filing 49.

As explained above, to continue with discovery to dispute the pending motion for summary judgment, the plaintiff must show, by affidavit or declaration, (1) specific facts that he hopes to elicit from further discovery, (2) the facts sought exist, and (3) these sought-after facts are essential to resist the summary judgment motion. *Toben,* 751 F.3d at 895. He has not done so.

The plaintiff wants to depose Ruff and several other witnesses who provided written affidavits in Ruff's index of evidence. *Compare* filing 55-13 at 1 (seeking to take depositions of Ruff, Kramer, Wood, McCollum, Olson, and Beckwith), *with* filing 51 (affidavits for Ruff, Kramer, Wood, McColley, and Beckwith, and body camera footage from Olson). Counsel asserts that these depositions "are reasonably necessary for fair litigation" of the pending motion. Filing 55-13 at 1. Specifically, the plaintiff asserts he seeks testimony regarding:

what can be observed in the body camera videos; the accuracy of Trooper Foote's reports; Deputy Woods' memory, including her precise location, as depicted in the videos, at the time of the shooting; communications between Woods and other officers subsequent to the shooting; whether anyone other than Ruff

claims Wood was moving about in front of the Cobalt prior to the shooting, and others.

Filing 55-13 at 2. This list of deposition topics resembles a hope that Ruff or the other witnesses might tell a different story if they are deposed, or give more or different information than contained in the body camera footage or their affidavits. But it is not enough for a plaintiff to set forth some facts he hopes to elicit from further discovery; he must show that the facts sought exist. *Anzaldua*, 793 F.3d at 836-37.

Presumably, the plaintiff seeks to depose these witnesses in order to test the veracity of the statements in their affidavits, or otherwise impeach their credibility. But if a government official has made a properly supported motion for summary judgment,[3] a plaintiff may not respond with general attacks upon a defendant's credibility. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). Rather, a plaintiff must identify affirmative evidence from which a jury could find that the plaintiff has carried *his* burden of proving a constitutional violation. *See id.*; *see also United States v. 3234 Washington Ave. N.*, 480 F.3d 841, 845 (8th Cir. 2007) (to withstand summary judgment, the credibility of a material interested witness must be undermined by material evidence).

The plaintiff has not identified how these depositions are necessary for him to respond to Ruff's evidence, nor how postponement of a ruling will enable him, by discovery or other means, to rebut Ruff's showing of the absence of a genuine issue of fact. This is insufficient under Rule 56(d) to withstand summary judgment, particularly in the qualified immunity context. *See*

---

[3] Ruff's motion is not yet ripe for consideration, and the Court has no opinion on whether he has submitted a "properly supported motion."

*Anzaldua,* 793 F.3d at 837; *Moody,* 903 F.3d at 772. The plaintiff may contest the sufficiency of Ruff's motion, but he may not obtain additional discovery to do so. Accordingly,

IT IS ORDERED:

1. The plaintiff's motion to dismiss Deputy Roland Kramer (filing 61) is granted. The plaintiff's claims against Deputy Roland Kramer are dismissed.

2. The clerk of the court is directed to terminate Deputy Roland Kramer as a party.

3. The plaintiff's Rule 56(d) motion (filing 54) is denied.

4. The plaintiff may respond to Ruff's motion for summary judgment (filing 48) on or before **March 18, 2026**. Ruff may reply on or before **April 1, 2026**.

5. Other case progression deadlines remain stayed until the Court resolves Ruff's motion for summary judgment.

Dated this 25th day of February, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

7